## THE J. C. REICHERT.

## THE JAMES ROY.

(District Court, S. D. New York. May 24, 1915.)

Towage ⬌11(5)—Injuries to Tow—Grounding.

Two tugs towing a barge heavily loaded with coal, *held* at fault for hugging too closely the New York shore of East River, so that the tow grounded on a shoal which had existed for a long time, and should have been known to the tug masters.

In Admiralty. Libel by Anthony Golden against the steam tugs J. C. Reichert and James Roy. Decree for libelant.

Decree affirmed, 258 Fed. 81, —— C. C. A. ——.

Carpenter & Park and Henry E. Mattison, all of New York City, for libelant.

Foley & Martin, of New York City, and W. J. Martin, of Chicago, Ill., for claimant.

SMITH, District Judge (of Eastern District of South Carolina, sitting in New York). This is a libel in rem filed April 14, 1914, to recover for the injuries inflicted on a tow by the negligence of her tugs in towing and running her aground near the city of New York, so as to inflict injuries to her bottom.

It appears from the testimony that on April 17, 1913, the boat W. A. Holden, loaded with about 985 tons of coal, was taken in tow at Pier 6, East River, New York, by the steam tugs J. C. Reichert and James Roy, to be towed to Newtown creek, on Long Island, opposite the city of New York. The evidence shows that there was no wind, the water was calm, the tide at ebb, and the weather clear. The formation of the tow was that the tugs were on each side of the Golden—the tug James Roy on the starboard side, and the J. C. Reichert on her port side—in such position that the bow of the Golden projected about 40 feet ahead of the bows of the two tugs, which were about abreast of each other. With the tow thus made up the tugs proceeded up the East River at a rate of about 1 or 2 miles an hour close to the New York shore, hugging that shore so as to avoid the force of the ebb tide. They passed the end of the Jackson street pier in the city of New York very closely, so that the tug J. C. Reichert only cleared the head of the Jackson street pier by about 20 or 25 feet. When just east of Jackson street pier, and with the tow heading a little inward toward Corlear's Hook, the tow grounded in the shoal water in the nook or bight between Jackson street pier and the bulkhead leading to Corlear's Hook, and there held fast, so that her tugs could not move her. While she was in this position, the tug Overbrook, which was a very large and powerful tug and was on her way down the river, was hailed by the master of the tug J. C. Reichert, who seemed to be in general charge of the tow, and at his request the Overbrook cast out a hawser, and made fast to the W. A. Golden, and pulled her down the river stern

⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

forward, and with little or no exertion released her from the obstruction on which she was grounded.

The two tugs again took charge, made the tow fast to the Jackson street pier until the tide turned flood, and then carried the Golden to her destination at Newtown creek.

The court is satisfied from the evidence, and so finds as a conclusion of fact, that the cause of the grounding was that the two tugs towing the W. A. Golden were hugging the New York shore too close for safety. The space to the east of Jackson street pier was well known to be more or less shoal, and common prudence would have led to its avoidance. Any competent tugmaster should have known that the water was shoal at that point, and with a vessel of the draft of the Golden in tow it would have been common prudence to have sheered off further from the New York shore line, so as to have safely avoided this shoal water. In lieu of so doing, the tugs hugged the shore too close, carried the tow into this shoal water, and she grounded on the bottom of the river at that point; the bottom there being in same condition as had existed for a long period previously.

The court finds there is no sufficient evidence to show that there was any unknown, new, or unexpected shoal, obstruction, ridge, or higher level at that point, but that the vessel grounded upon an existing bottom, which had existed for a long time in the past, and the shoal character of which was well known, and which any skilled tug master competent to tow in the harbor of New York should have avoided.

The decree of the court, therefore, is that the libelant is entitled to recover from the steam tugs J. C. Reichert and the James Roy the extent of the damage inflicted by this grounding, and a reference will be ordered for that purpose. Upon the ascertainment of the amount of the damage so caused, a decree for the same will be entered in behalf of the libelant against the respondent steam tugs.